IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Aaron Moore,<br><br>    Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>    Respondents. | No. CV-20-08284-PCT-DLR (MTM)<br><br>**ORDER** |

  Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Michael T. Morrissey (Doc. 38) filed June 4, 2021, regarding Petitioner's Second Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Docs. 7 & 12). Petitioner objected to the R&R (Doc. 45), and Respondents responded (Doc. 47).

  Also before the Court are the following motions filed by Petitioner: "Motion for Preliminary Injunction, Pursuant to Rule 65, Fed. R. Civ. P." (Doc. 40), "Request for Subpoena of Documents and Related Services" (Doc. 50), "Notice of Fraud - Request for Sanctions Pursuant to Rule 11, Fed. R. Civ. P." (Doc. 54), "Writ of Mandamus to Order Respondent to Immediately Release Petitioner from an Unlawful Restraint" (Doc. 55), "Request for COA - Excessive Delay Alternatively a Status Update and Conference" (Doc. 60), "Release Application - Requires Prompt Attention Pursuant to § 3145(C)" (Doc. 63), "Declaration in Support of Evidentiary Hearing" (Doc. 64), and "Request for Certification

of Probable Cause to Pursued Bail Pending Habeas Corpus (Doc. 66). Also before the Court are Respondents' two motions to strike (Docs. 59, 62).

**I. R&R**

The R&R identifies unexhausted claims in the Second Amended Petition and recommends granting Petitioner thirty days to either (a) move for leave to amend the Second Amended Petition to remove the unexhausted claims and proceed with the properly exhausted claim or (b) move to stay the instant proceeding, pending resolution of the unexhausted claims in state court. But, if Petitioner does neither, the R&R recommends denying the Second Amended Petition and dismissing it with prejudice. *See Rhines v. Weber*, 544 U.S. 269, 273, 279 (2005).

A prisoner must exhaust all available state remedies before seeking a federal writ of habeas corpus, 28 U.S.C. § 2254(b)(1), by "fairly present[ing]" her claim to the appropriate state court, *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). For Arizona prisoners not sentenced to life imprisonment or capital punishment, that means fairly presenting claims to the Arizona Court of Appeals and receiving a ruling on them. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999).

The R&R compared Petitioner's claims presented to the Arizona Court of Appeals and those in her Second Amended Petition and correctly found that Petitioner had exhausted Ground 13,[1] one of her twenty-seven claims. This Court has also compared the issues raised before the Arizona Court of Appeals to the claims raised in the Second Amended Petition, and it also finds that Ground 13 is the only exhausted claim. The other grounds raised in the Second Amended Petition are not exhausted because they have not been fairly presented to the Arizona Court of Appeals. The Court thus agrees with the R&R that it lacks jurisdiction to hear those claims. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982).

Petitioner objects to the R&R's conclusion that this Court lacks jurisdiction, arguing that the state court had no jurisdiction to convict her of an offense that occurred on tribal

---

[1] Ground 13 raises a claim of an "unduly suggestive and unreliable" pretrial identification. (Doc. 7 at 19.)

land. Not so. A federal court lacks habeas jurisdiction unless the State had "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin*, 541 U.S. at 29. Petitioner has a pending post-conviction relief ("PCR") action in state court; therefore, this Court lacks jurisdiction until the Arizona Court of Appeals has ruled in that matter.

Petitioner must decide whether to amend the Second Amended Petition to remove unexhausted claims or to seek a stay of the Second Amended Petition pending the conclusion of her state PCR proceedings. If Petitioner chooses neither option, the Court will dismiss the Second Amended Petition.

**II. Preliminary Injunction Motion**

Petitioner's motion for preliminary injunction argues only for the appointment of counsel. The Court therefore construes it as a motion for appointment of counsel.

"[T]he right to appointed counsel extends to the first appeal of right" but not to a collateral attack on a conviction, like Petitioner's habeas petition. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The Court has discretion, however, to appoint counsel after finding "exceptional circumstances," which requires an evaluation of both "the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *see also* 28 U.S.C. § 1915(e)(1). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel." *Id.* Because Petitioner has not fully exhausted her state claims, she has not made a showing of exceptional circumstances at this time. For these reasons, Petitioner's motion for appointment of counsel is denied without prejudice and may be re-urged after she exhausts her state claims and has filed an appropriate petition for habeas relief.

**III. Petitioner's Miscellaneous Motions**

Petitioner's "Request for Subpoena of Documents and Related Services Motion" (Doc. 50) is premature and not supported by good cause. As the Court determined above,

Petitioner has not exhausted her state court remedies.  The Court will not intervene in Petitioner's ongoing State PCR proceedings.

Petitioner's "Notice of Fraud - Request for Sanctions Pursuant to Rule 11, Fed. R. Civ. P." (Doc. 54) is an improper attempt to re-argue her claim that the state court lacked jurisdiction to try the underlying offense and to reply to arguments raised in Respondents' Response to her Objections to the R&R.  Neither the Federal Rules of Civil Procedure nor the local rules of practice for this Court permit the filing of sur-replies absent express prior leave of court.  Respondents' Motion to Strike (Doc. 59), which seeks to strike the sur-reply, is granted.  Petitioner also seeks sanctions against Respondents' counsel, alleging the "complete and willful lack of candor" for failing to contact Amtrack to support her claim that the state court lacked jurisdiction to try her for the underlying offense. Petitioner's request for sanctions is not supported by any fact.  There is nothing in Respondents' counsel's disagreements with Petitioner's legal analysis on any issue that even comes close to supporting Petitioner's claims concerning counsel's conduct.

Petitioner's "Writ of Mandamus to Order Respondents to Immediately Release Petitioner" (Doc. 55) suffers from several inadequacies.  It is not necessary to address them all because Petitioner cannot show the absence of other adequate means to attain the desired relief and that her right to the writ is clear and undisputed.  *Kerr v. U.S. Dist. Ct. for the N. Dist. Cal.*, 426 U.S. 394, 403 (1976).  Indeed, federal habeas proceedings could grant her desired relief.  The exhaustion requirement does not render federal habeas relief inadequate.

Petitioner's "Request for COA --- Excessive Delay Alternatively a Status Update and Conference" (Doc. 60) seeks to have the Court issue a Certificate of Appealability. The Court agrees with the R&R that Petitioner has not made a substantial showing of the denial of a constitutional right and that reasonable jurists would not debate the conclusions of the R&R.  Because Petitioner has failed to exhaust her state court remedies, issuing a Certificate of Appealability is not appropriate.

In her "Release Application Requires Prompt Attention Pursuant to § 3145" (Doc.

63), Petitioner seeks an order for temporary release pending the "the court's final outcome." But 18 U.S.C. § 3145 does not apply to cases like Petitioner's, where the conviction and sentence originated in state court. Besides, Petitioner's case is not currently pending appeal. The Court has previously ruled that is has no authority to stay Petitioner's PCR proceedings. (Doc. 39 at 4; Doc. 18.) Nothing has changed since the Court made that determination.

In her "Declaration in Support of Evidentiary Hearing" (Doc. 64), Petitioner seeks an evidentiary hearing under 28 U.S.C. § 2254(e)(2). She argues that an evidentiary hearing is necessary because, despite her diligence, she has been unable to develop the facts of her claim in state court. (Doc. 64 at 1-2.) Her request fails for three reasons. First Petitioner does not indicate which claims the evidentiary hearing would address. Second, her request for evidentiary hearing does not identify any relevant evidence she has been unable to develop or explain why she could not present her evidence to the state court through affidavit or other documentary means. *See Roseberry v. Ryan*, 289 F.Supp.3d 1029, 1035 (D. Ariz. 2018) (finding no due diligence when a reasonable person would have taken additional steps). Third, all but one of Petitioner's claims for relief are unexhausted. Petitioner's PCR proceeding is active, and she has not explained how an evidentiary proceeding in federal court is warranted. The Court denies Petitioner's request for an evidentiary hearing.

In her "Declaration in Support of Evidentiary Hearing" (Doc. 64), Petitioner also challenges the constitutionality of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") under the First, Fifth, Tenth, and Fourteenth Amendments to the United States Constitution. She contends that AEDPA's requirement that a state prisoner present constitutional claims to the state courts before raising them in a federal habeas proceeding is unconstitutional, as is the one-year statute of limitations. (Doc. 64 at 4-6.) She further claims that AEDPA violates the Eighth Amendment's protection against cruel and unusual punishment because it imposes a significant hardship on petitioners. (*Id.* at 6.) She provides no legal authority in support of her contentions, though. (*Id.* at 4-7.)

Respondents' response summarizes why Petitioner's constitutionality argument fails:

> [W]hen considering limitations on successive habeas petitions, the Supreme Court has stated that procedural limitations are "not subject to proscription under the Due Process Clause unless it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked fundamental," and has previously noted that because the first Congress made the writ of habeas corpus available to only federal, not state prisoners, the writ cannot be considered as having been so rooted. *See Felker v. Turpin*, 518 U.S. 651, 663 (1996) (considering whether the restriction against successive habeas petitions constitutes a suspension of the writ of habeas corpus); *Medina v. California*, 505 U.S. 437, 445 (1992); *see also Graham v. Johnson*, 168 F.3d 762, 787–88 (5th Cir. 1999), *cert. denied*, 529 U.S. 1097 (2000) (concluding that AEDPA did not violate the Fifth, Eighth, or Fourteenth Amendments, and that AEDPA's restrictions on successive petitioners "fall within Congress and the courts' traditional power to limit abuses of the writ").
>
> Because the exhaustion and statute of limitations are procedural limitations, the same logic supporting their constitutionality applies. *See also Dogan v. Roe*, 8 Fed. Appx. 612, 2001 WL 312424 (9th Cir. 2001), *cert. denied*, 534 U.S. 1092 (2002) (providing that AEDPA's statute of limitations does not violate the Due Process, Equal Protection, or Suspension Clauses); *Graham*, 168 F.3d at 788 (rejecting the argument that AEDPA violates the Eighth Amendment's protection against cruel and unusual punishment).

(Doc. 67 at 2-3.)

In her "Request for Certification of Probable Cause to Pursue Bail Pending Habeas Corpus Review" (Doc. 66), Petitioner seeks the issuance of a certificate of probable cause, which would allow her to seek review of her release conditions. She claims entitlement to such a certificate because the Court did not rule within three days on her previous applications for release pending her application for habeas relief. Petitioner has cited no rule or law that requires a three-day ruling. In essence, she reprises her argument in her "Release Application Requires Prompt Attention Pursuant to § 3145" (Doc. 63). As the Court has previously found, 18 U.S.C. §§ 3443 and 3145 are inapplicable, and because she has not exhausted her state court remedies, there is no authority for the Court to issue an order pertaining to her release.

Respondent's Motion to Strike (Doc. 62), seeks to have Petitioner's pleading entitled both "Petitioner's Reply Brief" and "Objection to R&R" (Doc. 61) stricken as re-

urging claims made in her Amended Petition for Writ of Habeas Corpus and replying to Respondent's Response to Amended Petition for Writ of Habeas Corpus. The Court finds that "Petitioner's Reply Brief," and "Objection to R&R" (Doc. 61) is both untimely and successive and therefore the motion to strike is granted.

**IT IS ORDERED** that the R&R (Doc.38) is **ACCEPTED**. The Second Amended Petition (Docs. 7 & 12) will be **DENIED** and **DISMISSED** with prejudice unless, within thirty (30) days of this Order, Petitioner moves either: (a) to amend the Second Amended Petition to contain only the fully exhausted claims or (b) for a stay and abeyance of the case while pursuing the unexhausted claims in state court. If the Second Amended Petition is denied and dismissed, then a Certificate of Appealability will be denied because Petitioner has not made a showing of the denial of a constitutional right and because Petitioner has not made a substantial showing of the denial of a constitutional right and because reasonable jurists would not debate the conclusions of this Order.

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Preliminary Injunction, Pursuant to Rule 65, Fed. R. Civ. P." (Doc. 40) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's "Request for Subpoena of Documents and Related Services" (Doc. 50) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's "Notice of Fraud - Request for Sanctions Pursuant to Rule 11, Fed. R. Civ. P." (Doc. 54) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's "Writ of Mandamus to Order Respondent to Immediately Release Petitioner" (Doc. 55) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's "Request for COA --- Excessive Delay Alternatively a Status Updated and Conference" (Doc. 60) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's "Release Application Requires Prompt Attention Pursuant to § 3145" (Doc. 63) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's "Declaration in Support of Evidentiary Hearing" (Doc. 64) is **DENIED**.

1 **IT IS FURTHER ORDERED** that Petitioner's "Request for Certification of Probable Cause to Pursued Bail Pending Habeas Corpus (Doc. 66) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents' "Motion to Strike" (Doc. 62) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must not file any further documents in this case except to seek a stay, amend the pleadings, or in furtherance of an appeal.

Dated this 22nd day of September, 2021.

Douglas L. Rayes
United States District Judge