IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| "Maddi" Jeffrey Aaron Moore,<br><br>　　　　　Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>　　　　　Respondents. | No. CV-20-08284-PCT-DLR (MTM)<br><br>**ORDER**<br>**and**<br>**DENIAL OF CERTIFICATE OF APPEALABILITY AND IN FORMA PAUPERIS STATUS** |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Michael T. Morrissey (Doc. 117) regarding Petitioner's Third Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 78). The R&R concludes that both of claims raised in Petitioner's Third Amended Petition are without merit and recommends that the Third Amended Petition be denied and dismissed with prejudice. Petitioner filed his objections to the R&R on July 18, 2022, (Doc. 118), and Respondents filed their combined Objection to the Report and Recommendation and Response to Petitioner's Objections to the Report and Recommendation on July 21, 2022. (Doc. 119.) The Court has considered the objections and reviewed the Report and Recommendation de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

**I. BACKGROUND**

The Court adopts the summary of the facts as set forth by R&R, which adopted the summarization of the facts as set forth by the Arizona Court of Appeals. (Doc. 117 at 1-

2.) In her direct appeal to the Arizona Court of Appeals, Petitioner argued that the trial court violated her due process rights by denying her (1) motion to suppress D.N.'s pretrial identifications and (2) motion for acquittal alleging insufficient evidence to support a conviction. The Arizona Court of Appeals affirmed Petitioner's conviction and sentence, Petitioner did not seek review with the Arizona Supreme Court. (Doc. 117 at 2-3.)

**II. Petitioner's Objections**

    **A. Ground One**

Petitioner first objects to the R&R's finding regarding Ground One where it found that the Arizona Court of Appeals' decision was not an unreasonable application of clearly established federal law. Petitioner disagrees, arguing that the facts contained in the police report establish, by clear and convincing evidence, that the identifications of her by the victim, arranged by the train conductor, and later to police, violated due process and were defects in the factfinding process that overcome the presumption of correctness. She argues that the Arizona Court of Appeals "did not officially rule on whether an Amtrack employee's status as a federal actor constituted an identification which was arranged by law enforcement" which allows "the District Court to peek through to the last court decision." (Doc. 118 at 2-3.) Petitioner goes on to argue that because the trial court erred "on U.S. Supreme Court on whether the conductor was acting under the guidance of law enforcement it would be an absolute miscarriage of justice for the court to overlook such a vital & important question of law." (Doc. 118 at 3.)

The R&R considered this argument and found that the Arizona Court of Appeals analysis did not require a determination of whether the conductor was acting under the direction of law enforcement. The R&R found that the Arizona Court of Appeals did not act objectively unreasonable when it found that the identification of Petitioner by the witness to the conductor was sufficiently reliable "regardless of . . . whether it was subject to due-process analysis." (Doc. 117 at 12.) The Court agrees. Further, it was not objectively unreasonable for the Court of Appeals to conclude that D.N.'s identification as described to the conductor was reliable since she described Petitioner as how Petitioner

actually appeared that day. Based on D.N.'s description, and because D.N. was "sure" that Petitioner was her assailant, the Court agrees with the R&R's finding that the Court of Appeals did not act objectively unreasonable in its determination that the identification was reliable, regardless of Petitioner's due process arguments. Petitioner's objection to the R&R's findings as to Ground One is overruled.

### B. Ground Two

In Petitioner's objection to Ground two, she argues that the evidence was insufficient to sustain a conviction because of a lack of corroboration, her "being drug off the train at 'gunpoint' and the fictitious tale of a woman who acted as some type of a guardian," and inconclusive DNA testing. (Doc. 118 at 3-4.)

The R&R found the Arizona Court of Appeals finding that the evidence was sufficient to convict Petitioner was not an unreasonable application of, or contrary to *Coleman v. Johnson*, 566 U.S. 650, 655 (2012), which holds that sufficiency of evidence claims "are subject to two layers of judicial deference." *Id*. at 651. Although she throws in a claim of being drug off the train, the objection is lack of sufficiency of the evidence. The basis of Petitioner's challenge is her claim that D.N.'s testimony was allegedly false, incredible, and made up of "delusions." (Doc. 78 at 25.) Her claim is one of witness credibility. Witness credibility is for the jury to decide. *See Cavazos v. Smith*, 565 U.S. 1, 2 (2011) ("[I]t is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial.").

D.N. testified that Petitioner engaged in sexual contact with her, and that she was under fifteen when that occurred. (Doc. 97-2, Ex. C, at 37-38, 43, 48, 54, and 58.) Jurors finding this testimony credible could find each element of the alleged crime was proven beyond a reasonable doubt. Therefore, the Arizona Court of Appeals conclusion that D.N.'s testimony was sufficient to convict Petitioner was not objectively unreasonable. Petitioner's objection to the R&R's findings as to Ground Two is overruled.

### III. Respondent's Objection and Response

     In their Response to Petitioner's Objections to the Report and Recommendation (Doc. 119), Respondents' object to the R&R as to the unresolved issued of Petitioner's request for sanctions (Doc. 101 at 1-2). Petitioner did not respond. The Court finds that Petitioner's request for sanctions was not proper because it did not comply with the requirements of Rule 11 and because the alleged conduct was not sanctionable.

     **IT IS ORDERED** that Petitioner's request for sanctions (Doc. 101 at 1-2) is **DENIED**.

     **IT IS ORDERED** that that the objections contained Petitioner's Objection to the R&R (Doc. 118) are **OVERRULED**.

     **IT IS ORDERED** that the R&R (Doc.117) is **ACCEPTED**.

     **IT IS ORDERED** that Petitioner's Third Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 78) is **DISMISSED** with prejudice.

     **IT IS ORDERED** that a Certificate of Appealability is **DENIED** because jurists of reason would not find the assessment of the constitutional claims herein, debatable or wrong.

     The Clerk of the Court shall enter judgment denying and dismissing Petitioner's Third Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 78) with prejudice and shall terminate this action.

     Dated this 16th day of September, 2022.

_____
Douglas L. Rayes
United States District Judge